IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LARRY WALKER, | :: | HABEAS CORPUS |
| Petitioner pro se, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| KEVIN SPRAYBERRY, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:16-CV-3027-TWT-WEJ |

## FINAL REPORT AND RECOMMENDATION

Petitioner pro se, Larry Walker, who is presently confined in the Hays State Prison in Trion, Georgia, has filed this Amended 28 U.S.C. § 2254 Petition [3] to challenge his April 26, 2006 convictions in the Superior Court of DeKalb County. The matter is before the Court on respondent's Motion to Dismiss Petition for Lack of Jurisdiction under the "Gatekeeping" Provision for Successive Petitions [13], and petitioner's Motion for Actual Innocence [14]. For the reasons stated below, the undersigned **RECOMMENDS** that respondent's Motion to Dismiss [13] be **GRANTED**, that petitioner's Motion for Actual Innocence [14] be **DENIED**, and that this action be **DISMISSED** as impermissibly successive.

## I.  DISCUSSION

Petitioner previously filed a § 2254 petition in this Court challenging the same convictions that he challenges herein, and the Court dismissed with prejudice his prior

habeas petition as time barred.  Walker v. Crickmar, No. 1:16-CV-0661-MHC-JCF (N.D. Ga. July 29, 2016).  The instant petition is therefore successive.  See Candelario v. Warden, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) ("[A] second petition is successive if the first was denied or dismissed with prejudice, . . . and a dismissal for untimeliness is with prejudice . . .") (citations omitted), cert. denied, 135 S. Ct. 2367 (2015).  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Because the facts underlying petitioner's actual innocence claim existed at the time he filed his first § 2254 petition, see [Doc. 14 at 3-4], he is also required to seek the Eleventh Circuit's permission to raise this claim in his successive § 2254 proceeding.  Jeremiah v. Terry, 322 F. App'x 842, 845 (11th Cir. 2009) (per curiam).  There is no indication in the record that petitioner has obtained such authorization.  Accordingly, the Court lacks jurisdiction to consider both the merits of the instant petition and petitioner's motion for actual innocence.  See id.

## II.     CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a

certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. §2254, Rule 11. Moreover, pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotation marks omitted). Petitioner cannot demonstrate "a substantial showing" of being denied "a constitutional right" as a result of having this action dismissed as impermissibly successive. Therefore, the Court should deny a certificate of appealability.

3

### III. CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that respondent's Motion to Dismiss Petition for Lack of Jurisdiction under the "Gatekeeping" Provision for Successive Petitions [13] be **GRANTED**, that petitioner's Motion for Actual Innocence [14] be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 26th day of October, 2016.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)